UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLERGEASE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Hon. Charles P. Kocoras |
| | ) | |
| vs. | ) | No. 15-cv-04873 |
| | ) | |
| WALGREEN CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR RULE TO SHOW CAUSE AND FOR SANCTIONS FOR FAILURE TO APPEAR FOR CITATION EXAMINATION

Defendant Walgreen Co. ("Walgreens"), through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 69(a) and Illinois Supreme Court Rule 277(h), moves this Court to issue a rule to show cause why Plaintiff AllergEase, Inc. ("AllergEase") should not be held in contempt of court for failure to appear for a citation to discover assets on March 14, 2017 and to order Plaintiff to pay the reasonable expenses, including attorney's fees, caused by the failure. AllergEase originally sued Walgreens in this case, though ultimately judgment was entered against it and for Walgreens. Since then, notwithstanding having invoked this Court's jurisdiction in its case against Walgreens, AllergEase has disregarded the Court's judgment and its own obligations concerning post-judgment proceedings. In support of this Motion, Defendant states as follows:

1. AllergEase filed suit against Walgreens in this Court on June 2, 2015, seeking damages for breach of contract, unjust enrichment, detrimental reliance and tortious interference with prospective economic advantage. Dkt. 1.

2. On August 31, 2015, Walgreens filed a counterclaim against AllergEase, seeking damages for breach of contract. Dkt. 18.

3. On January 6, 2017, this Court entered judgment in favor of Walgreens and against AllergEase in the amount of $68,873.22. A copy of the judgment is attached hereto as Exhibit A.

4. On February 21, 2017, AllergEase was served with a citation to discover assets. A copy of the citation to discover assets is attached hereto as Exhibit B. The citation directed AllergEase to appear for examination on March 14, 2017 at 10:00 a.m. at the offices of A&G Law LLC.

5. The citation to discover assets required AllergEase to produce certain documents concerning its assets at the examination. The citation specified that in addition to producing documents, AllergEase was obligated to produce a 30(b)(6) witness to testify regarding five specified topics. Ex. B.

6. AllergEase failed to appear on March 14, 2017. Neither did AllergEase or its counsel inform Walgreens that it would not do so.

7. Walgreens contacted counsel for AllergEase at approximately 10:15 a.m. on March 14, 2017 to ask if anyone would be appearing for the examination. Counsel indicated that while he had the requested documents, which he then emailed to Walgreens' counsel, no one from AllergEase would be appearing to provide testimony. Ex. C. Counsel stated he could appear to testify, but that he did not have any knowledge of the topics in the Rule 30(b)(6) notice. Counsel knew, or certainly should have known, that this did not comply with his and his client's obligations pursuant to the rules.

8. Illinois Supreme Court Rule 277(h), made applicable to these post-judgment proceedings by Federal Rule of Civil Procedure 69(a), provides that "[a]ny person who fails to obey a citation ... may be punished for contempt."

9. Moreover, Walgreens unnecessarily incurred court reporter charges of $190 due to AllergEase failure to appear for the citation examination. A copy of court reporter invoice is attached hereto as Exhibit D.

10. Pursuant to Federal Rule of Civil Procedure 37(b), Walgreens is entitled to the reasonable expenses, including attorney's fees incurred preparing for the citation testimony and preparation of this motion, caused by AllergEase's failure to comply with the citation to discover assets. *See also* LR37.1 ("A reasonable counsel fee, necessitated by the contempt proceeding, may be included as an item of damage.").

11. Walgreens further has a right to expect AllerEase to comply with citations issued under this Court's authority, including by providing a witness knowledgeable about the topics in Walgreens' Rule 30(b)(6) notice so that Walgreens can enforce this Court's judgment in its favor.

WHEREFORE, Walgreens respectfully requests that:

a. The Court issue a rule to show cause why AllergEase and its counsel, jointly and severally, should not be held in contempt of court for failure to appear for the citation to discover assets on March 14, 2017;

b. The Court order that AllergEase and its counsel will be found in further contempt should AllerEase fail again to appear for a citation proceeding;

c. AllergEase and/or its counsel to pay the reasonable expenses, including attorney's fees, caused by AllergEase's disregard for its obligations; and

d. The Court provide whatever further and additional relief the Court deems appropriate.

Respectfully submitted,

**WALGREEN CO.,**

By:   s/ Rachael B. Blackburn
        One of Their Attorneys

Robert M. Andalman (ARDC #6209454)
Rachael B. Blackburn (ARDC #6277142)
A&G Law LLC
542 S. Dearborn St.; 10th Floor
Chicago, IL 60605
(312) 341-3900
randalman@aandglaw.com
rblackburn@aandglaw.com

## **CERTIFICATE OF SERVICE**

      I, Rachael B. Blackburn, an attorney, hereby certify that on this 5th day of May 2017, I caused to be electronically filed the foregoing **MOTION FOR RULE TO SHOW CAUSE AND FOR SANCTIONS FOR FAILURE TO APPEAR FOR CITATION EXAMINATION**, which will be served via the Court's ECF Notice system on all registered parties of record.

                                                /s/ Rachael B. Blackburn
                                                 Rachael B. Blackburn